**SO ORDERED: February 29, 2008.**



_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| ANTHONY GEIS, | ) | CASE NO. 07-01083-BHL-7 |
|     Debtor. | ) | |
| _____ | ) | |
| GARY AND CINDY BREWER, | ) | |
|     Plaintiffs, | ) | |
| | ) | ADV. NO. 07-50372 |
| vs. | ) | |
| | ) | |
| ANTHONY GEIS, | ) | |
|     Defendant. | ) | |

**JUDGMENT**

This matter is before the Court on a **Complaint Objecting to Discharge and/or to Determine Dischargeability of Debt** filed by Gary and Cindy Brewer [the "Brewers"] on June 2, 2007. The Court conducted a telephonic pre-trial conference on November 29, 2007, at which time the parties agreed to submit the matter to the Court for determination based upon briefs and stipulations of fact. The **Defendant's Memorandum in Opposition to Plaintiff's Complaint Objecting to Discharge and/or to Determine Dischargeability of Debt** was filed on February 12,

2008, and the Brewers' **Memorandum of Law on Plaintiffs' Complaint Objecting to Discharge and/or to Determine Dischargeability of Debt** was filed on February 14, 2008.

The Brewers' Complaint alleges that the Anthony Geis ["Geis"] was convicted of criminal charges in the Fayette Superior Court and was ordered by the Court, as part of his sentence, to pay restitution in favor of the Brewers in the amount of $11,967.00. The Brewers contend that such debt, arising out of a criminal restitution order, is not dischargeable pursuant to 11 U.S.C. § 523(a)(7). That section provides that a debt is excepted from discharge "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty . . ." The Brewers rely upon the case of *Kelly v. Robinson*, 479 U.S. 36, 93 L.Ed.2d 216, 107 S.Ct. 353 (1986), in which the Supreme Court held that a criminal judgment of restitution is not dischargeable pursuant to 11 U.S.C. 523(a)(7).

The weight of authority certainly supports the Brewers' claim. The Third Circuit has interpreted section 523(a)(7) to except criminal restitution "made for the benefit of a governmental agency" from discharge regardless of whether it was paid to governmental units or individuals. *See, In re Thompson*, 418 F.3d 362 (2005); *and see*, *In re Verola*, 336 B.R. 547 (S.D.Fla. 2004), *aff'd*, 2006 U.S. App LEXIS 9950 (11th Cir. 2006)(holding that restitution paid to victims of fraud as a condition of probation was nondischargeable); *Warfel v. City of Saratoga*, 268 B.R. 205, 212 (B.A.P. 9th Cir. 2001) ("bankruptcy statutes should not be interpreted so as to remit state criminal judgments"); *Etzel v. American Standard Ins. Co.,*, 2006 WL 2435082 (E.D.Wis. 2006) (criminal restitution owed to a private entity excepted from discharge); *In re Pogue*, 357 B.R. 756 (Bankr.W.D.Ky. 2006) (debt was nondischargeable as restitution even though payment was directed to creditor and creditor was not the victim of debtor's crime *per se*); *In re Humphrey*, 362 B.R. 860

2

(Bankr.N.D.Ohio 2006) (criminal restitution orders nondischargeable "despite resembling a judgment for the benefit of the victim"); *In re Ritter*, 2006 WL 3065518 (Bankr.S.D.N.Y. 2006) (restitution order that was converted from a criminal judgment to a civil judgment was still restitution under *Kelly* holding and exempt from discharge); *Farmers Ins. Exch. v. Mills*, 290 B.R. 822 (Bankr.D.Colo. 2003) (state criminal restitution orders are nondischargeable even when owed directly to a private entity); *In re Byrd*, 256 B.R. 246, 255 (Bankr.E.D.N.C. 2000) (restitution award can be payable "to and for the use of the governmental unit" even if the government receives the money and then disburses it to victims).

Geis, however, stands behind the Seventh Circuit case of *Matter of Towers*, 162 F.3d 952 (1998), which held that civil restitution was not excepted from discharge by virtue of section 523(a)(7). The Court noted that section 523(a)(7) "offers weak support for exempting restitution orders from discharge, for it does not mention restitution" in contrast to Section 523(a)(13). The Defendant makes a further argument that the restitution order in this case is based upon the actual pecuniary loss and, as such, is excluded from the operation of the statute.

The Judgment of Restitution in this case arose out of a criminal prosecution. There is no dispute that the amount of restitution was based upon the property damage sustained by the Brewers as a result of Geis' criminal wrongdoing. Nor is there any dispute that the payment, although "payable" to the Clerk of Fayette County, was in favor of the Brewers. Nevertheless, despite the seeming conflict with the plain language of the statute, *Kelly* compels this Court to conclude that the order of restitution fits squarely within the confines of the statute.

In *Kelly*, the Court began with the observation that section 523(a)(7) "creates a broad exception for all penal sanctions, whether denominated fines, penalties, or forfeitures." *Id.* at 51.

3

Going on to distinguish between a fine and restitution, the Court recognized that "[u]nlike traditional fines, restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender has caused." Still, because the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the defendant's situation, the Court concluded that the interests of the state were sufficient to place restitution orders within the meaning of 523(a)(7):

> In our view, neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution. The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant. . . . Unlike an obligation which arises out a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.

*Kelly*, 479 U.S. at 52 (internal citation and quotation omitted).

The *Towers* case, involving civil restitution, is inapposite. In fact, the *Towers* court itself noted the distinction when it stated that "*Kelly* dealt with a criminal restitution order, and as we have mentioned its animating concern was limited to criminal cases." *Towers*, 162 F.3d at 954. Because the penal goals of the State are not at stake in a civil proceeding, the circumstances are substantially distinguishable.

It might also be noted that the Bankruptcy Code was amended post-*Kelly* to add section 1328(a)(3) which specifically excludes from discharge any debt "for restitution included in a sentence on the debtor's conviction of a crime." Congress subsequently added §523(a)(13) which

4

exempts restitution obligations imposed as part of a federal criminal judgment. Still, section 523(a)(7) has remained intact. As the Seventh Circuit noted in *Towers*, "[i]f Congress wants to supersede the Supreme Court's decisions, it must amend the statute the Court has construed; continuity of text equals continuity of meaning." *Towers*, 162 F.3d at 954 (citing *Pierce v. Underwood*, 487 U.S. 552, 566-68 (1988)). Such would seem to suggest that Congress is satisfied with the Supreme Court's reading of the statute in *Kelly*.

The Court, being duly and sufficiently advised, finds that the Order of Restitution in the amount of $11,967.00, entered by the Fayette Superior Court in Cause No. 21D01-0411-CM-864, on June 10, 2005, and incorporated into a Plea Agreement by and between Anthony Geis and the State of Indiana on or about December 13, 2005, is excepted from discharge by virtue of 11 U.S.C. 523(a)(7). Judgment is, accordingly, entered in favor of the Plaintiffs in accordance herewith and for the reasons set forth herein..

# # #

Distribution to:

Carol A. Weber
410 Central Ave
Connersville, IN 47331

David R. Butsch
Butsch Law Office
422 Central Avenue
Connersville, IN 47331

U.S. Trustee
101 W. Ohio St.. Ste. 1000
Indianapolis, IN 46204